**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**March 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MANUEL E. DELGADO-SALAZAR,

    Defendant - Appellant.

No. 21-2048
(D.C. No. 1:19-CR-01195-MV-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **MORITZ**, **BALDOCK,** and **EID**, Circuit Judges.[**]

This case is solely about a question of fact, namely consent. The question before us is whether the district court *clearly* erred when it found Defendant Delgado-Salazar voluntarily consented to a DEA agent's search of his luggage aboard an Amtrak train passing through Albuquerque. In a thorough opinion denying Defendant's motion to suppress evidence of the methamphetamine uncovered during the search, the district court held the Government met its burden of proving the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel had determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).

voluntary nature of Defendant's consent by proffering clear and positive testimony that his consent was (1) unequivocal and specific, (2) freely and intelligently given, and (3) not the result of implied or express duress or coercion. *United States v. Delgado-Salazar*, 487 F. Supp. 3d 1092, 1113 (D.N.M. 2020) (citing *United States v. McRae*, 81 F.3d 1528, 1537 (10th Cir. 1996)). Defendant subsequently entered a conditional plea of guilty to possession of 500 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). After the district court sentenced Defendant to 12 months and one day in prison, he timely appealed. Our jurisdiction arises under 28 U.S.C. § 1291. We affirm.

As our reading of the record and, in particular, the transcript of the suppression hearing confirms, the district court's opinion accurately and completely recites the facts. Importantly, this recitation accounts for the conflicting testimonies of both Defendant and the DEA agent as well as the parties' respective linguistic experts. Because the parties are well aware of these facts, we need not repeat them here. *Delgado-Salazar*, 487 F. Supp. 3d at 1096–103. On appeal, Defendant, a Mexican national who speaks primarily Spanish, makes the same arguments he posed in the district court regarding the voluntariness of his consent to search. First, Defendant asserts that due to the confusing nature of the questions the agent posed in incorrect Spanish, his consent was neither unequivocal nor intelligently given. Second, he asserts his consent was coerced because the agent misrepresented himself

2

as a police officer who was on board to check the train, rather than a DEA agent who needed Defendant's consent to search.

The district court first held the Government met its burden to show Defendant's consent to search was, in fact, unequivocal and intelligently given. This holding was based on the court's finding that the DEA agent's question, "¿Me permite registrar por contrabando en su maleta señor?", which the agent partially repeated as "¿Me permite registrar por contrabando?" when Defendant responded "¿Huh?", "was not so vague, confusing, or unclear that it prevented [Defendant] from unequivocally, specifically, freely, and intelligently consenting to the search." *Delgado-Salazar*, 487 F. Supp. 3d at 1108, 1110.

> [T]he court finds that when [Defendant] stated, "Yeah," in response to [the DEA agent's] question, "¿Me permite registrar por contrabando?", [Defendant] was not saying "ya," meaning "now" in Spanish, but rather, he said "yeah" in English – thereby agreeing to the search and demonstrating that he understood what [the agent] was asking.
>
> \* \* \*
>
> Overall, the circumstances of the exchange demonstrate that [Defendant] understood [the agent's] communication to be a request to search his luggage, rather than a command. . . . [T]he court finds that by saying, "yeah," in response to [the agent's] statement ¿Me permite registrar por contrabando?", [Defendant] unequivocally, specifically, freely and intelligently consented to the search.

*Id.* at 1110, 1112.

The district court next held the Government met its burden to show Defendant's consent was not the result of express or implied coercion. The court found nothing in the DEA agent's misrepresentations that created the impression

3

Defendant was not free to decline the agent's request to search or would be in physical danger if he did so. *Id.* at 1112–13. The court further observed that additional factors recognized as contributing to a coercive environment were not present. *Id.* at 1113 (citing *United States v. Jones*, 701 F.3d 1300, 1318 (10th Cir. 2012)). The DEA agent was the sole officer on the scene. He did not physically mistreat Defendant. Nor did he employ a weapon, violence, threats, an aggressive tone, promises, or inducements to coerce Defendant. Additionally, the court found nothing about Defendant's physical or mental condition or capacity that made him particularly vulnerable to coercion. "Accordingly, the court [found] [the DEA agent's] misrepresentation about his role and purpose, although troubling and a relevant factor for consideration viewed within the totality of the circumstances, [did] not tip the balance in favor of finding coerced consent." *Id.*

We have little to add to the district court's exhaustive findings of fact and conclusions of law regarding the voluntariness of Defendant's consent to search as set forth in its published opinion at pages 1096–1103 and 1107–1113, respectively.[1] Where a district court takes a proper measure of a case and ably sets forth its reasoning under the correct governing law, no useful purpose is served by us writing

---

[1] In addition to arguing his consent to search was involuntary, Defendant also argued in the district court that his encounter with the DEA agent was involuntary and the agent's search exceeded the scope of any consent to search. *See Delgado-Salazar*, 487 F. Supp. 3d at 1104–07, 1113–17. Defendant does not renew these two arguments on appeal.

at length.  Given the record before us and the applicable standard of review, the factual question of Defendant's consent to search was undoubtedly the district court's call to make.  When reviewing a district court's denial of a motion to suppress, we must view the evidence in a light most favorable to the Government and accept a district court's findings of fact unless such findings are clearly erroneous. *United States v. Palms*, 21 F.4th 689, 697 (10th Cir. 2021).  Considerations of witness credibility, the weight given to the evidence, and reasonable inferences to be drawn from such evidence are within the district court's province as fact-finder. *United States v. Bass*, 661 F.3d 1299, 1303 (10th Cir. 2011).  To set aside a finding of fact as clearly erroneous, we must possess a definite and firm conviction that a mistake has been made.  *United States v. Lewis*, 594 F.3d 1270, 1289 (10th Cir. 2010).  After a careful review of the record, we possess no such conviction in this case.  Applying the proper legal standards, we are powerless to alter the district court's finding—a finding with adequate support in the record—that Defendant voluntarily consented to a search of his luggage.[2]  Accordingly, the district court's denial of Defendant's motion to suppress is

---

[2] Defendant's appointed counsel has ably presented his client's arguments to this Court.  But, like most appeals presenting factual challenges, the "high hurdle" the standard of review presents is simply insurmountable in this case.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge